UNITED STATES DISTRICT COURT **CV 13       6874**
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x

MICHELLE DUTCHIN,

                                  Plaintiff,      **COMPLAINT**

     -against-

THE CITY OF NEW YORK, POLICE OFFICER
RICHARD DANESE, shield # 12075, RETIRED POLICE      Jury Trial Demanded
OFFICER THOMAS ELLIASSEN, tax id # 934822, and
JOHN DOES 1-4,

                                Defendants.

-------------------------------------------------------------- x

**ORIGINAL**

## PRELIMINARY STATEMENT

1.     Plaintiff brings this civil rights action against the City of New York and several New York City Police Officers alleging that, on August 23, 2012, in Brooklyn, defendants violated her rights under 42 U.S.C. § 1983, the First, Fourth, and Sixth Amendments to the United States Constitution by falsely arresting her in retaliation for her exercise of free speech. Defendants fabricated charges against plaintiff alleging assault upon a police officer, obstructing governmental administration, resisting arrest, attempted assault upon a police officer, disorderly conduct, and harassment of an officer. Defendants further used excessive force on plaintiff and denied her a fair trial. The false charges were adjourned in contemplation of dismissal on October 16, 2013. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.   This action is brought pursuant to 42 U.S.C. § 1983 and the First, Fourth, and Sixth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3.   Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to plaintiff's claims occurred in this District.

## JURY DEMAND

4.   Pursuant to Fed. R. Civ. P. 38, plaintiff demands a jury trial.

## PARTIES

5.   Plaintiff is a resident of Brooklyn.

6.   The City of New York is a municipal corporation organized under the laws of the State of New York

7.   The individual defendants are current or retired members of the New York City Police Department ("NYPD"). The defendants were acting under color of state law and their capacities as members of the NYPD at all relevant times. The defendants are sued their individual capacities.

## STATEMENT OF FACTS

8.   On August 23, 2012, at approximately 7:15 p.m., plaintiff stood on the sidewalk near her home located at 272 Kosciuszko, Brooklyn, New York.

9.   Plaintiff was with her friend, Jermaine Walker, and several of Mr. Walker's family members, including his grandmother, uncle and brother.

2

10. On the aforesaid date and time, Mr. Walker experienced an adverse physical reaction while standing on the sidewalk outside his home in the vicinity of 278-280 Kosciuszko, Brooklyn, New York.

11. Mr. Walker's grandmother tried to lead him into the house when two uniformed officers, believed to be defendants Danese and Elliassen, drove by the aforesaid location, stopped their police vehicle, exited their vehicle and approached plaintiff, Mr. Walker and the group of family members.

12. Mr. Walker's grandmother advised the officers that they did not need police assistance and that they were going inside the house.

13. Ignoring the grandmother's request to be left alone, the defendants approached Mr. Walker and began to ask him questions.

14. Although Mr. Walker was physically ill, he acknowledged the officers and asked them to leave him alone.

15. Plaintiff stated to the officers that Mr. Walker's family wished to take Mr. Walker to a hospital emergency room on their own and that they did not need an ambulance.

16. Mr. Walker's family members also stated that they were capable of taking Mr. Walker to the hospital.

17. The defendants ignored plaintiff and the family members' requests to be left alone with Mr. Walker and, instead, radioed for an ambulance.

18. When the ambulance arrived, the EMS personnel grabbed Mr. Walker against his will and attempted to forcibly remove him from the location.

19. Mr. Walker pushed the EMS worker away from himself which prompted defendants to radio for police back-up.

20. Approximately fifty NYPD officers converged onto the scene, some on foot and others by police vehicles causing pandemonium on the street.

21. Residents of the neighborhood came out of their homes and congregated at the location watching as police and EMS personnel tried to forcibly take Mr. Walker into custody.

22. One NYPD officer engaged in an argument with Mr. Walker's grandmother and pushed her as he ordered her to move back from the scene.

23. As a result, another NYPD officer engaged in an argument with Mr. Walker's brother which ultimately ended in a physical altercation.

24. As plaintiff began to make her way back to her home, NYPD officers started to yell at plaintiff to back away.

25. Plaintiff complied with the order and while walking away from the scene, she yelled a profanity at the officers to express her disgust with how the police mishandled the situation.

26. In retaliation for plaintiff's exercise of free speech, several NYPD officers, including two officers believed to be defendants Danese and Elliassen, threw plaintiff up against the ambulance.

27. As a result the defendants' actions, plaintiff fell to the ground hitting her hip.

28. Plaintiff could not immediately get up from the ground because she felt sharp pain in her hip.

4

29. Defendants screamed at plaintiff "bitch get up" and when plaintiff did not get up from the ground, two NYPD officers grabbed plaintiff by the arms and began to drag her through the street to a patrol car.

30. A third NYPD officer intervened by lifting plaintiff's legs and assisting in carrying plaintiff to the patrol car.

31. In further retaliation for plaintiff's exercise of free speech, defendants handcuffed her wrists excessively tight.

32. Plaintiff was placed in a police vehicle and transported to the 79th precinct.

33. While plaintiff was held in the precinct, plaintiff's designated arresting officer, defendant Danese, with the knowledge and approval of the other defendants, falsely charged plaintiff with assault on an officer, obstructing governmental administration, attempted resisting arrest, and disorderly conduct.

34. Defendant Danese fabricated allegations that plaintiff elbowed him in the torso which caused Danese to fall to the ground and suffer swelling to his hand.

35. The aforesaid allegations were false and were asserted to justify the use of force upon plaintiff, to cause plaintiff to be prosecuted for a crime that she did not commit, and so defendants could earn overtime compensation and enhance their arrest records.

36. From the precinct plaintiff was transported to Interfaith Medical Center for treatment to injuries plaintiff sustained during her arrest.

37. The next day, the defendants had plaintiff taken to Brooklyn Central Booking.

38. Before plaintiff's arraignment, plaintiff's designated arresting officer, defendant Danese, with the knowledge and approval of the other defendants, misrepresented to

the Kings County District Attorney's Office that plaintiff assaulted and harassed him, obstructed governmental administration, resisted arrest, and was disorderly.

39. As a result of this misrepresentation, criminal proceedings were instituted against plaintiff under docket number 2012KN071029.

40. Approximately 29 hours after her arrest, plaintiff was arraigned in Kings County Criminal Court and released on her own recognizance.

41. After being released from custody, plaintiff appeared in court on twelve separate dates over a period of one year, one month and three weeks.

42. The false charges were adjourned in contemplation of dismissal on October 16, 2013.

43. Plaintiff suffered damage as a result of defendants' actions. Plaintiff suffered an unlawful detention, a loss of liberty, physical injuries, emotional distress, fear, anxiety, embarrassment, damage to her reputation, and humiliation.

## FIRST CLAIM
### (FALSE ARREST)

44. Plaintiff repeats the foregoing allegations.

45. At all relevant times, plaintiff did not commit a crime or violation.

46. Despite plaintiff's innocence, the defendants arrested plaintiff or failed to intervene to prevent her false arrest.

47. Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for false arrest.

## SECOND CLAIM

## (UNREASONABLE FORCE)

48. Plaintiff repeats the foregoing allegations.

49. Defendants' physical force upon plaintiff or failure to intervene to prevent such force was objectively unreasonable and caused plaintiff pain and injury.

50. Accordingly, defendants are liable to plaintiff under the Fourth Amendment for using unreasonable force on her.

## THIRD CLAIM

## (VIOLATING RIGHT TO FREE SPEECH)

51. Plaintiff repeats the foregoing allegations.

52. Plaintiff exercised free speech on August 23, 2012.

53. Plaintiff's exercise of free speech was a motivating factor in defendants' decisions to use force upon, arrest and prosecute plaintiff.

54. Accordingly, defendants are liable to plaintiff under the First Amendment for violating her right to free speech.

## FOURTH CLAIM

## (DENIAL OF A FAIR TRIAL)

55. Plaintiff repeats the foregoing allegations.

56. Defendants misrepresented to the Kings County District Attorney's Office that plaintiff had committed a crime.

57. Defendants' misrepresentation deprived plaintiff of liberty.

58. Accordingly, the defendants are liable to plaintiff under the Sixth Amendment for denying her a fair trial.

## FIFTH CLAIM

### (FAILURE TO INTERVENE)

59. Plaintiff repeats the foregoing allegations.

60. Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

61. Accordingly, the defendants are liable to plaintiff failing to intervene to prevent the violation of plaintiff's constitutional rights.

## SIXTH CLAIM

### (*MONELL* CLAIM AGAINST THE CITY OF NEW YORK)

62. Plaintiff repeats the foregoing allegations.

63. The City of New York is a "person" within the meaning of 42 U.S.C. § 1983.

64. The City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by plaintiff.

65. Upon information and belief, the City of New York, prior to the incident, was aware that the individual defendants and other members of the NYPD are unfit officers who have previously committed acts similar to those alleged herein, have a propensity for unconstitutional conduct and/or have been inadequately trained.

66. Specifically, defendants Richard Danese and Thomas Ellliassen were both sued for civil rights violations, including false arrest and use of excessive force, in *R.M., A Minor, by his M/N/G Telisa Hazel v. City of New York, et al.*, 10 CV 2404 (EDNY), which the City of New York settled in 2012.

67. Defendant Richard Danese was sued for civil rights violations, including false arrest, in *Rasheem Harrison v City of New York, et al.,* 08 CV 3978 (EDNY), which the City of New York settled in 2009.

68. Defendant Thomas Elliassen was sued for civil rights violations, including false arrest, in *Kisha McCrimon v City of New York, et al.,* 09 CV 581 (EDNY), which the City of New York settled in 2009.

69. Numerous other members of the NYPD have also been arrested and convicted of such crimes as planting evidence on suspects, falsifying police reports, corruption, theft, selling narcotics, fixing tickets, driving under the influence of alcohol, vehicular homicide, assault and domestic violence.

70. In *Colon v. City of New York,* Nos. 09 CV 8, 09 CV 9 (JBW), 2009 WL 4263362 (E.D.N.Y. November 25, 2009), the federal court stated that an "[in]formal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department."

71. Despite the above, the City exercised deliberate indifference by failing to take remedial action. The City retained the officers and failed to properly train, retrain, supervise, discipline and monitor the defendants and other officers like them.

72. The City's failure to act resulted in the violation of plaintiff's constitutional rights as described herein.

WHEREFORE, plaintiff demands the following relief jointly and severally against the defendants:

    a.    Compensatory damages in an amount to be determined by a jury;

    b.    Punitive damages in an amount to be determined by a jury;

    c.    Attorney's fees and costs;

    d.    Such other and further relief as the Court may deem just and proper.

DATED:    December 5, 2013

*Izabel O. Garcia* (signature)
IZABEL OLSZOWA GARCIA
Attorney at Law
26 Court Street, Suite 1815
Brooklyn, New York 11242
(646) 239-4330